IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRK DONAHUE EBANKS, | § | |
| A # 034169-317, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-10-2784 |
| ERIC HOLDER, et al., | § | |
|     Respondents. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Dirk Donahue Ebanks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the Department of Homeland Security. (Docket Entries No.1, No.12, No.14). Respondents have filed a motion to dismiss the petition because petitioner has now been released from custody. (Docket Entry No.15). Petitioner has not filed a response to the motion.

The jurisdiction of the federal courts is limited under Article III, section 2 of the Constitution to the adjudication of actual, live "cases" and "controversies." U.S. CONST. Art. III; Alwan v. Ashcroft, 388 F.3d 507, 511 (5th Cir. 2004). When a habeas petitioner has been released from custody, the Court can continue to exercise jurisdiction over the petition only if the petitioner "demonstrates 'some concrete and continuing injury other than the now-ended incarceration.'" Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). In other words, the petitioner must show that "some 'collateral consequence' of the litigation's outcome persists."

Alwan, 388 F.3d at 511 (quoting Spencer, 523 U.S. at 8).

In the present proceeding, petitioner challenges the constitutionality of his continued detention pending removal to the Cayman Islands. (Docket Entries No.1, No.12, No.14). Although petitioner is still subject to the final removal order, he is no longer detained by the Department of Homeland Security. Therefore, his personal stake in the outcome of this action–securing his release from federal custody–is moot.

Accordingly, respondents' Motion to Dismiss (Docket Entry No.15) is GRANTED. All pending motions are DENIED, AS MOOT. This habeas action is DISMISSED WITHOUT PREJUDICE .

It is SO ORDERED.

SIGNED at Houston, Texas, on December 27, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE